## PALACIOS v. MERCHANTS' STATE BANK & TRUST CO. OF LAREDO.*   (No. 6818.)

(Court of Civil Appeals of Texas.   San Antonio.   Nov. 15, 1922.   Rehearing Denied Dec. 20, 1922.)

Pleading ⬳8(3), 17—Complaint charging embezzlement by bank employee held not bad as conclusions and argument of pleader.

In a suit against a surety company to recover jointly and severally on a bond for the alleged embezzlement of a bank employee, a petition, alleging that plaintiff believes and charges that the bank employee visited gambling houses and lost sums of money ranging into thousands of dollars, and charging that the money lost was plaintiff's money, was not bad as conclusions, belief, and argument of the pleader and as vitriolic and showing animosity to defendant.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Suit by the Merchants' State Bank & Trust Company of Laredo, Tex., against I. G. Palacios and others. From a judgment for plaintiff, the named defendant appeals. Affirmed.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction   January 31, 1923.

W. W. Winslow, of Laredo, for appellant.

John A. Pope, Raymond & Pope, and Hicks, Hicks, Dickson & Bobbitt, all of Laredo, for appellee.

FLY, C. J. This is a suit instituted by appellee against I. G Palacios, Alvaro Pena, and the American Surety Company of New York to recover of Palacios and Pena, jointly and severally, the sum of $75,000, alleged to have been embezzled from appellee by said parties, and to recover the sum of $5,000 against the surety company, accruing by reason of said company being the surety on a bond given by Palacios. The cause was submitted to a jury on seven special issues, and on the answers thereto judgment was rendered against Palacios and Pena, jointly and severally, for $25,000, and against the surety company for $5,000, and in favor of the latter over against Palacios and Pena for said sum of $5,000. From that judgment Palacios alone has prosecuted an appeal.

Appellant's assignments of error are not accompanied with, nor are there in any place in the brief, any statements made which might throw light on the assignments or the propositions connected with them. The first assignment of error is as follows:

"The court erred in overruling this defendant's special exception to paragraph four of plaintiff's third amended original petition, as contained in paragraph five of this defendant's amended original answer."

What was contained in paragraph 5 is not disclosed in any statement, nor is paragraph 4 of the third amended petition set out in any statement in the brief, although, in what is denominated an argument, purported copies of paragraph 4 and the exception are set out. Nothing bearing any resemblance to a statement is found in the brief in connection with the second, third, fourth, and fifth assignments of error. Of course, the last named cannot be considered, and the statement set out in an argument in the back of the brief should probably be considered in the light of a provision in the rule 31 of 1921 (230 S. W. vii), which says:

"To avoid unnecessary repetition, it shall be permissible for the brief of the argument to contain the necessary statement from the record, but such statement shall be correlated, entire and distinct, and so presented as to enable the court to readily consult."

We are somewhat in doubt as to what is meant by "the brief of the argument," but have concluded to permit appellant's argument to be classed as "the brief of the argument," and whether it is "correlated entire and distinct," or not, whatever those words may signify, to consider it. It may be stated in this connection that no effort was apparently made to conform to any rules, old or new, governing the preparation of briefs.

Paragraph 4 of the petition is as follows:

"This plaintiff further alleges that the defendant I. G. Palacios did not have any money or property in his own right during the time of the years 1919 and 1920, and especially the latter part of 1919 and the first part of 1920, that his income was a salary from the bank of about $175 per month, and that plaintiff knows of no other income he had; yet the plaintiff believes and charges the fact to be, that during the year 1919, and especially the month of December, 1919, and during the months of January and February, 1920, the defendant I. G. Palacios visited gambling houses in Nuevo Laredo, Tamaulipas, Mexico, and in said gambling houses during said months he lost sums of money, ranging into thousands of dollars, the exact amount of which is unknown to this plaintiff, but is particularly within the knowledge of the defendant I. G. Palacios, which amounts of money so lost in gambling houses this plaintiff believes, and charges the fact to be, was plaintiff's money, and was a portion of the money abstracted and embezzled by the defendant I. G. Palacios from the plaintiff's bank during said months, as aforesaid."

It is excepted to because the allegations therein are not statements of fact, but conclusions, belief, and argument of the pleader, and because the allegations are vitriolic and show animosity to appellant. The exception was properly overruled. It was positively alleged that appellant had no money or property in 1919 and 1920, and it was stated that the pleader believed, and therefore charged, that money which had disappeared from its bank had been embezzled and used in gambling in Nuevo Laredo, Tamaulipas, Mexico, by appellant. Under the facts stated in the petition, it was clear that appellee could not state positively that the money was embezzled and lost in gambling by appellant; but those were facts peculiarly within the knowledge of appellant, and appellee was justified in pleading circumstances and alleging its belief that appellant had used its money in Mexican gambling houses. The allegations were sufficient to put appellant upon notice that he had embezzled the money and used it at the gaming table. Before the allegations excepted to, there were positive allegations that appellant had embezzled, stolen, and abstracted from the bank large sums of money, and it was not necessary for appellee to plead that it had been used in gambling. That fact could have been proved without the allegation. The allegation was not vitriolic, but the evidence showed it to be a fact. Appellant admitted losing $600 in 90 days, when his salary for that time was $525, and he had no other income. The other testimony tended to show that he had lost thousands of dollars at the gaming table, and it was shown that it was the money of appellee that was lost. The circumstances show a case of embezzlement upon the part of appellant of the funds of appellee in at least the sum found by the jury.

The judgment is affirmed.